**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                  Chapter 11

    Debtor.

_____

Michael Goldberg, Chapter 11 Trustee          Adversary Pro. No. 8-26-ap-00015-RCT

    Plaintiff,


v.


AMERICAN MOMENTUM BANK,


    Defendant.
_____/

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                  Chapter 11

    Debtor.

_____

Michael Goldberg, *on behalf of* Javier          Adversary Pro. No. 8:25-ap-00347-RCT
Perales; Michael Passino *on behalf of*
Allison Passino; and John Griffith *on*
*behalf of* Jackson Griffith, individually
and on behalf of all others similarly situated,

    Plaintiffs,

v.

AMERICAN MOMENTUM BANK,

Defendant.

_____/

## AGREED MOTION FOR JOINT DISCOVERY PROTOCOL

Plaintiff, Michael Goldberg, in his capacity as Chapter 11 Trustee ("**Trustee**") of the bankruptcy estate of The Center for Special Needs Trust Administration, Inc., and the Defendant, American Momentum Bank, ("**American Momentum**") and Michael Goldberg, *on behalf of* Javier Perales; Michael Passino *on behalf of* Allison Passino; and John Griffith *on behalf of* Jackson Griffith, individually and on behalf of all others similarly situated ("**Class Plaintiffs**" and together with Trustee and American Momentum "**Parties**") jointly move the Court for entry of the Parties' agreed-upon protocol on a discovery protocol ("**Discovery Protocol**"), which is applicable to the two cases (25-ap-00347-RCT, and 26-ap-00015-RCT) (each a "**Case**" and together the "**Cases**") against American Momentum Bank. The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable local rules and standing orders, and have reached agreement on a comprehensive Discovery Protocol. The Discovery Protocol is attached as Exhibit A and is tailored to the needs of this case and is consistent with the principles of proportionality set forth in Rule 26(b)(1). Good cause exists for entry of the Discovery Protocol as it is designed to streamline discovery, reduce the burden and expense associated with discovery, minimize discovery disputes, and maximize efficient administration of the two Cases, to the extent possible.

WHEREFORE, the Parties respectfully request that the Court grant this joint motion and enter the Parties' Discovery Protocol consistent with proposed order attached as Exhibit A.

Respectfully submitted on May 13, 2026.

By: /s/*Megan W. Murray*
Megan W. Murray

Florida Bar Number 0093922
Scott A. Underwood
Florida Bar Number 730041
Adam Gilbert
Florida Bar Number 1011637
Melissa J. Sydow
Florida Bar Number 39102
UNDERWOOD MURRAY, P.A.
100 N Tampa Street, Suite 2325
Tampa, Florida 33602
Tel: (813) 540-8401 │ Fax: (813) 4553-5345
Email:
mmurray@underwoodmurray.com
sunderwood@underwoodmurray.com
agilbert@underwoodmurray.com
msydow@underwoodmurray.com
*Special Counsel to the Trustee*


By: /s/ Marcos Rosales
Marcos Rosales
TX Bar No. 24074979
(Admitted Pro Hac Vice)
mrosales@beckredden.com
BECK REDDEN LLP
1221 McKinney, Suite 4500
Houston, TX 77010-2010
Telephone: (713) 951-3700
Donald R. Kirk
FL Bar No. 105767
dkirk@carltonfields.com
Ryan Yant
FL Bar No. 104849
ryant@carltonfields.com
CARLTON FIELDS, PA
4221 W Boy Scout Boulevard, Suite 1000
Tampa, FL 33607
Telephone: (813) 229-4334
Facsimile: (813) 229-4133
*Counsel for Defendant American Momentum Bank*

By: : /s/  Tal J. Lifshitz
Tal J. Lifshitz, Esq.
Florida Bar No. 99519
tjl@kttlaw.com
Meaghan Goldstein, Esq.
Florida Bar No. 1024796
mgoldstein@kttlaw.com
Yarden (Jordan) Benatar
Florida Bar No. 1049274
jbenatar@kttlaw.com
KOZYAK TROPIN &
THROCKMORTON LLP
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134
Telephone:   (305) 372-1800
Facsimile:   (305) 372-3508

Counsel for the Plaintiffs
and the Putative Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2026, a true copy of the foregoing has been filed with the Clerk of the Court using CM/ECF and is served on all counsel or parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/*Megan W. Murray*
Megan W. Murray

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                            Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                                       Chapter 11

    Debtor.

_____

Michael Goldberg, *a Chapter 11 Trustee*,                        Ad. Pro. No. 8-26-ap-00015-RCT

    Plaintiff,

v.

AMERICAN MOMENTUM BANK,

    Defendant.

_____/

## AGREED ORDER FOR JOINT DISCOVERY PROTOCOL

THIS PROCEEDING came before this Court on the Parties'[1] *Agreed Motion for Joint*

*Discovery Protocol* (Doc.___).  The Parties have met and conferred pursuant to Federal Rule of

_____

[1] Counsel for the Chap. 11 Trustee, counsel for the Class Action plaintiffs in 8:25ap-00347-RTC, and American Momentum Bank (collectively the "**Parties**").

Civil Procedure 26(f), the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable local rules and standing orders.  The Parties have reached agreement on a discovery protocol designed to coordinate discovery and maximize efficient administration of the two cases (25-ap-00347-RCT, and 26-ap-00015-RCT) (each a "**Case**" and together the "**Cases**")[2] against American Momentum Bank to the extent possible. Entry of this Order and Discovery Protocol is intended to be read in conjunction with the ESI protocol order entered in each case, and to streamline discovery, reduce the burden and expense associated with discovery, and minimize discovery disputes to the extent possible.  Good cause exists for entry of the Order.

The Court, having considered the Motion, the record, and the Parties' agreement, determines that the Motion should be GRANTED.  Accordingly, it is

ORDERED:

**I.      Deposition Protocol**

a.      Deposition scheduling may start immediately pursuant to the Court's Order Granting, in Part, and Denying, in Part, Defendant's Motion to Stay Litigation and to Stay Discovery (Doc. 30 in the Class Case).

b.      Regarding deposition cooperation and scheduling, all Parties shall work together to effectuate the intentions of Fed. R. Bankr. P. 1001 and Fed. R. Evid. 102. The following protocols shall govern the depositions in the Cases, subject to relief from the Court, if necessary, upon motion and good cause shown:

1. Any counsel in either Case can request a deposition on a date certain. Absent exigent circumstances, such a request shall be made at least fourteen (14) days in advance of the requested deposition date, and the

---

[2] This Order is being entered in both Cases.

request shall be made to all counsel in both Cases at the same time so that calendar conflicts may be addressed efficiently.

2. If any necessary counsel or the witness is unavailable on the requested date, the unavailable counsel (or counsel for the unavailable witness) shall respond within three (3) business days of the request, proposing reasonable alternative dates for the requested deposition.

3. If, within three business (3) days of the request, the requesting counsel receives no response to the request or no reasonable alternative dates per Paragraph 2, the deposition shall go forward on the initially requested date absent good cause shown. It is the express intent of the Parties that a single deposition shall take place for each deponent which will constitute that deponent's deposition in both cases.

4. The Defendant, and the Plaintiffs in both Cases together, may choose the order of their respective depositions in harmony with Federal Rule of Civil Procedure 26(d)(3) and, absent good cause shown, no deposition shall be delayed on the basis of sequence.

5. The Plaintiffs in each Case shall use best efforts to not re-ask questions that have already been testified to in questioning from the other Case's counsel but may ask clarifying questions without violating this Order.

6. With the exception of Class Representatives Michael Passino and John Griffith (who will be subject to the standard one day of 7 hours set forth in Rule 30(d)(1)), depositions will be limited to two consecutive days and no more than 10 hours per side, subject to requests for additional time for

good cause shown.  For the avoidance of doubt, Plaintiffs in both Cases shall count as one side for purposes of deposition time and will be responsible for allocating time as amongst themselves. To the extent feasible, and to maximize efficiency, the Parties will endeavor to conduct two depositions in the course of three consecutive days.  The Parties will use best efforts to accommodate schedules for the convenience of the witness. For witnesses who can be completed in one day, all Parties will use reasonable efforts to complete such deposition in one day.

7.  If at any time during a deposition a dispute arises which the Parties cannot resolve, but reasonably believe a prompt, real-time ruling will further just and efficient administration of the Cases, the Parties may call Judge Colton's chambers to seek an advisory ruling.  Any such advisory ruling will not be binding on the Parties but issued for the benefit of advancement of the deposition.  Any Party may choose to seek further guidance from the Court by filing a motion.

## II.    General Discovery Protocol

a.    Any discovery requests made by a Party in one Case pursuant to the Federal Rule of Civil Procedure or Federal Bankruptcy Rules of Procedure shall be enforceable in the other Case, to the extent:

1.  The Party served is Michael Goldberg in either his capacity as Chapter 11 Trustee, or as putative class plaintiff on behalf of individual beneficiaries. This provision shall not apply to discovery requests made on or in

connection service of discovery on individual beneficiary Plaintiffs who are not the same in each Case;

and

2. Service is effectuated in both Cases such that each unique Plaintiff has due and timely notice of such discovery.

b.      Any discovery orders or directions from the Court are equally binding on all Parties in both cases, except for those Orders or Court directions that are either explicitly limited to just one case, or on their face limited to just one case (such as having different deadlines).

c.      Any documents or electronically stored information produced by a Party in response to discovery requests in one Case shall be deemed produced in both Cases.  To the extent Bates numbering is utilized, to avoid duplication and ensure consistency, all Parties shall use a single, unified Bates numbering system for documents produced in either Case. If Bates numbering is not utilized, the Parties shall make best reasonable efforts to avoid duplication and ensure consistency. Documents need not be re-produced in the other Case if they have already been produced using the unified Bates numbering system.

d.      All agreements regarding discovery, including timing and scope of discovery, that are documented in any form of writing, including email, are enforceable as though they are orders of the Court resolving discovery disputes.   This provision is without prejudice to a Party subsequently seeking to narrow or broaden discovery due to changes or unforeseen circumstances, including but not limited to search terms, custodians, timeframes, and other common aspects of the scope of discovery.

e.      Notwithstanding the foregoing, and to clarify Paragraph c. above, no agreement can be binding on a Plaintiff (or group of Plaintiffs) who have not explicitly agreed to the terms in writing.  Counsel in the Chapter 11 Trustee's Case cannot bind counsel in the Class Case, and vice versa, nor can a Party be bound merely by copying the other Party.

These provisions are without prejudice to modification, either by mutual written agreement between all Parties, or Court order.

Before any motion to compel or any other discovery motion is filed, however, the Parties are directed to review and adhere to the Court's Guidelines for Discovery Meet and Confer Requirements, along with all other local and federal rules and regulations.

### 

 Megan W. Murray shall serve copies on all interested parties and file a certificate of service.