**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8-24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| _____ | |
| Michael Goldberg, Chapter 11 Trustee | Adversary Pro. No. 8-26-ap-00015-RCT |
| Plaintiff, | |
| v. | |
| AMERICAN MOMENTUM BANK, | |
| Defendant. | |
| _____/ | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO ESTABLISH DEADLINE FOR ANY PARTY TO MOVE TO WITHDRAW THE REFERENCE**

Defendant American Momentum Bank ("AMB") files this Response to Plaintiffs' Motion to Establish Deadline for any Party to Move to Withdraw the Reference ("Motion") and in support thereof would show the following:

From its very first appearances in the Class Action[1] and Chapter 11 Trustee's case,[2] AMB has been crystal clear: AMB does not consent to a jury trial in bankruptcy court. Now, faced with the natural consequence of choosing to file their cases in this Court, Plaintiffs attempt to distract from their months-long delay in moving to withdraw the reference by claiming gamesmanship on

---

[1] Adversary Pro. No. 8-25-ap-00347-RCT.
[2] Adversary Pro. No. 8-26-ap-00015-RCT.

the part of AMB. This is unnecessary and untrue. The Court generously provided multiple opportunities to raise this issue. But instead of diligence, Plaintiffs opted for delay.

Plaintiffs have failed to comply with the letter or spirit of Local Rule 5011-1, which calls for motions to withdraw the reference to be filed *early* in cases. Perhaps more importantly for purposes of this Motion, Plaintiffs have ignored this Court's admonition. The deadline to withdraw the reference passed *months* ago, Plaintiffs stalled, and the Court should deny Plaintiffs' Motion. If, however, the Court is inclined to grant Plaintiffs more time still, it should not be much more. The Court should order Plaintiffs to file their motion within two or three weeks of its ruling.

Plaintiffs in the Class Action filed their complaint on October 8, 2025, asserting one count of aiding and abetting breach of fiduciary duty against AMB. (Doc. 1, 8-25-ap-00347-RCT). On November 10, 2025, AMB timely filed its Motion to Determine Authority to Enter Final Orders or Judgments, pursuant to Local Rule 7001-1(k)(6), and a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docs. 16, 17, 8-25-ap-00347-RCT). In its Motion to Determine Authority to Enter Final Orders or Judgments, AMB expressly stated that it "does not consent to the entry of final orders or judgments by the Bankruptcy Court in this action" and that it "does not consent to a jury trial by the Bankruptcy Court in this action." (Doc. 16 at 2, 8-25-ap-00347-RCT). On December 10, 2025, the Court entered its order granting AMB's Motion and recognized that "the Court does not have jurisdiction to enter final orders or judgments in this action absent consent." (Doc. 41 at 2, 8-25-ap-00347-RCT). The Court also ordered that it "does not have the authority to conduct a jury trial absent consent." (Doc. 41 at 2, 8-25-ap-00347-RCT).

Moreover, the Parties' Joint Uniform and Case Management Report, which was filed on January 5, 2026, expressly notes that any trial in this action "will either proceed as a non-jury trial in the bankruptcy court or—absent Defendant's consent to a jury trial in the bankruptcy court and

if a Motion to Withdraw the Reference is filed and granted—a jury trial in the district court." (Doc. 56 at 3). In the same Joint Report, AMB further reiterated its position that "[t]he time to move to withdraw the reference in this matter has expired" (Doc. 56 at 5, 8-25-ap-00347-RCT), which reflected the same position AMB took in December 2025 conferrals between the Parties, including the Chapter 11 Trustee.

The Chapter 11 Trustee filed his original complaint on January 22, 2026. (Doc. 1). AMB again timely filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on February 20, 2026. (Doc. 14). At the outset of the motion, AMB expressly stated that it "does not consent to the entry of final orders or judgment by the Bankruptcy Court or to a jury trial being conducted by the Bankruptcy Court." (Doc. 14 at 2). On April 16, 2026, after several months of conferrals on discovery and case management (at which AMB maintained consistently its position that it did not consent to a jury trial in this Court), the Parties in the Chapter 11 Trustee's case filed their Joint Uniform Case Management Report (Doc. 30). Again, the Report stated that the trial "will either proceed as a non-jury trial in the bankruptcy court or—absent Defendant's consent to a jury trial in the bankruptcy court and if a Motion to Withdraw the Reference is filed and granted—a jury trial in the district court." (Doc. 30 at 2). AMB also made clear that its view was that the time to move to withdraw the reference had expired. (Doc. 30 at 5).

During the months after these cases were initiated, the Court also held several in-person and virtual motion hearings and status conferences. In each instance when Plaintiffs discussed the withdrawal of the reference with the Court, AMB was steadfast in its position: the time to move to withdraw the reference had expired. Nevertheless, in early 2026, the Court indicated that it would entertain such a motion, instructing Plaintiffs that they should file the motion to withdraw the reference soon. Plaintiffs have yet to heed the Court's instructions some seven months later.

Under Local Rule 5011-1(c), "A motion for withdrawal of the reference of an adversary proceeding or contested matter arising in, under, or related to a case that is a subject of the Order of General Reference must be filed with the Clerk no later than 30 days after service of the initial pleading or such other time period as ordered by the Court." Here, Plaintiffs' complaints include the initial pleadings in the Class Action and the Chapter 11 Trustee's case. While AMB unambiguously declined to consent to a jury trial in the bankruptcy court in its initial pleadings in each case, Plaintiffs chose to do nothing.

As early as November 2025 and many times since, AMB has reiterated that it does not consent to a jury trial in this Court, whether in initial appearances, motions and case filings, the Parties' conferrals, and at hearings before the Court. Somewhat puzzlingly, Plaintiffs describe AMB's transparent and consistent position as gamesmanship. In reality, Plaintiffs need some explanation for why they have delayed despite frequent admonitions from the Court that the motion needed to be filed soon – after all, there is a reason the Local Rules set the deadline early in a case. Plaintiffs have no explanation, so their plan is to blame the bank. But nothing AMB has done called for or justified Plaintiffs delay. Plaintiffs' instant motion is the ***first time*** that Plaintiffs have even moved to establish a new deadline to withdraw the reference. Plaintiffs' dereliction is also contrary to the Court's instructions earlier this year, which directed Plaintiffs to file a motion to withdraw for consideration. Instead, Plaintiffs sat on their hands.

Therefore, AMB respectfully requests that (i) Plaintiffs' Motion to Establish Deadline for any Party to Move to Withdraw the Reference be denied and (ii) order that the time to move to withdraw the reference has passed. In the alternative, if the Court grants Plaintiffs' Motion, it should set the deadline to withdraw the reference for two-three weeks after its ruling.

4

Respectfully submitted on this 27th day of July, 2026.

By:  /s/ Marcos Rosales
Marcos Rosales, *Pro Hac Vice*
TX Bar No. 24074979
mrosales@beckredden.com
Eric B. Williams II, *Pro Hac Vice*
TX Bar. No. 24131767
ewilliams@beckredden.com
**BECK REDDEN LLP**
1221 McKinney, Suite 4500
Houston, TX  77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

Donald R. Kirk
FL Bar No. 105767
dkirk@carltonfields.com
Ryan Yant
FL Bar No. 104849
ryant@carltonfields.com
**CARLTON FIELDS, PA**
4221 W Boy Scout Boulevard, Suite 1000
Tampa, FL 33607
Telephone: (813) 229-4334
Facsimile: (813) 229-4133

***Counsel for Defendant American Momentum Bank***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2026, I electronically filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, thereby serving all registered users in this case.

/s/ *Marcos Rosales*
Marcos Rosales

6