**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re: Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., Chapter 11

Debtor.
______________________________

Michael Goldberg, Chapter 11 Trustee Adversary Pro. No. 8-26-ap-00015-RCT

Plaintiff,

v.

AMERICAN MOMENTUM BANK,

Defendant.
______________________________/

**DEFENDANT AMERICAN MOMENTUM BANK'S SUPPLEMENT TO PLAINTIFF'S NOTICE OF FILING NACHA RULES AND NACHA OPERATING GUIDELINES**

On September 23, 2026, the Court requested "that Plaintiff file a copy of the NACHA Rules and NACHA Operating Guidelines for the Court's review." The Court explained that "it is important for the Court to determine whether 'On Us' transactions are ACH activities that are covered by the NACHA Rules cited by Plaintiff in the amended complaint." The Court requested "that Plaintiff file the requested information by Friday, October 2, 2026." *Id.* The Court further stated that "[i]f Defendant believes that Plaintiff's filing of the NACHA Rules and NACHA Operating Guidelines is incomplete or incorrect in any way, Defendant should file any supplement by Wednesday, October 7, 2026." *Id.*

Defendant objects to the copy of the NACHA Rules and NACHA Operating Guidelines filed by Plaintiff. Plaintiff filed a version of the Rules and Operating Guidelines in effect in 2026:

> 2026 OPERATING RULES
> © 2026 Nacha®

Dkt. 81-1 at OR2; *see also* Dkt. 81-2 at OG1 ("2026 Operating Guidelines"); Dkt. 81 at 1 ("Plaintiff … hereby gives notice of filing of a copy of the 2026 NACHA Rules … and the 2026 NACHA Operating Guidelines.").

Critically, Plaintiff's Complaint identifies transactions that occurred beginning in 2009, with the bulk occurring between 2010 and 2013, most of the rest occurring by the end of 2016, and no transactions occurring after 2020. *See* Dkt. 50 at ¶¶ 85, 102-03. Accordingly, the relevant rules are those that were in effect between 2009 and 2020. Because Plaintiff has not submitted the relevant Rules and Operating Guidelines, the Court should disregard Plaintiff's submission.[1]

In any event, even the incorrect copy of the Rules that Plaintiff submitted confirms the arguments that Defendant made in its motion to dismiss Plaintiff's Amended Complaint. Plaintiff incorrectly claimed that, in AMB's ACH Origination Agreement, which governs the "credit and/or debit Entries through the Financial Institution and in other depository financial institutions by means of the Automated Clearing House Network," Dkt. 50-9 at 1, the contractual phrase "On Us Entries" includes "internal Bank transfers," Dkt. 50 at ¶ 343. However, the reference to "On Us Entries" in the documents governing *ACH* activities is plainly a reference to "On Us *ACH* Entries."

[1] To be clear, Defendant also does not have access to a copy of the NACHA Rules and Operating guidelines in effect before 2020. But in alleging that specific Rules were violated, Defendant submits that it is Plaintiff's burden to produce a copy of the Rules and Operating Guidelines that he contends was violated in asserting the claim. Moreover, changes to the Rules from 2020 to 2026 demonstrate that the Rules are fluid. It is virtually certain that the Rules in effect in 2009 differ from those produced by Plaintiff.

This common-sense conclusion is confirmed by current NACHA Rule 8.37, found in Plaintiff's filing at Dkt. 81-1 at OR65 and replicated here:

**SECTION 8.37 "Entry"**

(a) an order or request for the transfer of money to the deposit account or loan account of a Receiver, or general ledger account of an RDFI (a "credit Entry");

(b) an order or request for the withdrawal of money from the deposit account of a Receiver, or general ledger account of an RDFI (a "debit Entry"); and

(c) a Non-Monetary Entry to the deposit account or loan account of a Receiver, or general ledger account of an RDFI.

An Entry must comply with the requirements of Appendix Three (ACH Record Format Specifications), Appendix Four (Return Entries), Appendix Five (Notification of Change), or Appendix Six (Acknowledgment Entries), as applicable. For all Entries except RCK Entries, each debit Entry shall be deemed an "item" within the meaning of Revised Article 4 of the Uniform Commercial Code (1990 Official Text) and that Article shall apply to such Entries except where the application is inconsistent with these Rules, in which case these Rules shall control. An RCK Entry is an item as that term is defined by Revised Article 4 of the Uniform Commercial Code only for the limited purposes of presentment as set forth in Article 4-110(c) and notice of dishonor as set forth in Article 4-301(a)(2).

Rule 8.37 thus specifically requires that Entries "comply with the requirements of Appendix Three (ACH Record Format Specifications), Appendix Four (Return Entries), Appendix Five (Notification of Change), or Appendix Six (Acknowledgment Entries), as applicable." In turn, each of those appendices provides requirements for a different kind of ACH Entry, and their requirements relate only to ACH Entries. *See generally* Dkt. 81-1 at OR84-OR203. These

requirements are crafted specifically for use in the Automated Clearing House Network. They make no sense in the context of checks, wire transfers, or internal transfers because they were never intended to govern those non-ACH transactions.

The Court can also consider NACHA Rule 8.87, which defines “Receiving Depository Financial Institution” or “RDFI” as “a Participating Depository Financial Institution with respect to Entries … it receives from its ACH Operator ….” *Id.* at OR69. Again, as AMB has argued all along, an “Entry” can *only* be an ACH Entry.

Other Rules in Plaintiff’s filing confirm that the NACHA Rules only apply to ACH transactions. Section 1.1—the very first NACHA Rule—unequivocally states: “These Rules apply to all *Entries* Transmitted through one or more *ACH Operators*.” *Id.* at OR1 (emphasis added). Likewise, Section 1.2.4—the rule that Plaintiff primarily relies on, *see* Dkt. 50 at ¶ 337—only requires a bank to “conduct, or have conducted, an assessment of the risks of its *ACH activities*.” Dkt. 81-1 at OR2 (emphasis added). And Section 2.2.3—the other rule that Plaintiff relies on, *see* Dkt. 50 at ¶ 338—only requires a bank to “assess the nature of the Originator’s or Third-Party Sender’s *ACH activity*.” Dkt. 81-1 at OR7 (emphasis added).

Other Rules further confirm that the NACHA Rules only apply to ACH transactions and that they contemplate “Entries” being processed by “ACH Operators.”[2]

[2] *See, e.g.*, Dkt. 81-1 at OR12 (Rule 2.4.1) (“An ODFI Transmitting an *Entry* warrants the following to each RDFI and *ACH Operator* in connection with such *Entry*.” (emphases added)); *id.* at OR13 (Rule 2.4.5.1) (“An ODFI shall indemnify every RDFI and *ACH Operator* from and against any and all claims … that result directly or indirectly from …the debiting or crediting of an *Entry*.” (emphases added)); *id.* at OR42 (Rule 3.1.1) (“An *Entry* is deemed to be received by an RDFI on the Banking Day on which the *Entry* is made available by the Receiving *ACH Operator*.” (emphases added)); *id.* at OR63 (Rule 8.10) (defining “‘Automated Clearing House’ or ‘ACH’” as “an Electronic funds transfer system governed by these Rules.”); *id.* (Rule 8.11) (defining “‘Automated Clearing House Operator’ or ‘ACH Operator’” as “an entity that acts as a central facility for the clearing, delivery, and settlement of *Entries* between or among Participating DFIs” (emphasis added)).

In short, by their own terms, the NACHA Rules—and certainly the Rules at issue in this case—only apply to *ACH transactions*. Notably, the phrase "internal transfer" does not appear a single time in the version of the Rules filed by Plaintiff (or any version of the Rules of which Defendant is aware).

This interpretation of the NACHA Rules is also consistent with applicable federal regulations. For example, 31 C.F.R. § 363.6 defines "Automated Clearing House (ACH)" as "a funds transfer system governed by the Rules of the National Automated Clearing House Association (NACHA). NACHA provides for the interbank clearing of electronic entries for participating financial institutions." Similarly, 31 C.F.R. § 210.2 defines "ACH Rules" as "the 2021 Operating Rules & Guidelines, including Supplement #1–2021, (both incorporated by reference, see § 210.3(b)) published by Nacha, a national association of regional member clearing house associations, ACH Operators, and participating financial institutions." Thus, there can be no serious dispute that the NACHA Rules only apply to ACH activities.

In sum, Plaintiff's supplemental filing regarding the NACHA Rules and Operating Guidelines is no help. Defendant respectfully requests that its Motion to Dismiss be granted.

By: */s/ Marcos Rosales*
Marcos Rosales
TX Bar No. 24074979
(Admitted *Pro Hac Vice*)
mrosales@beckredden.com
Eric B. Williams II
TX Bar No. 24131767
(Admitted *Pro Hac Vice*)
ewilliams@beckredden.com
**BECK REDDEN LLP**
1221 McKinney, Suite 4500
Houston, TX 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

Donald R. Kirk
FL Bar No. 105767
dkirk@carltonfields.com
Ryan Yant
FL Bar No. 104849
ryant@carltonfields.com
**CARLTON FIELDS, PA**
4221 W Boy Scout Boulevard, Suite 1000
Tampa, FL 33607
Telephone: (813) 229-4334
Facsimile: (813) 229-4133

***Counsel for Defendant***
***American Momentum Bank***

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, I electronically filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, thereby serving all registered users in this case.

/s/ *Marcos Rosales*
Marcos Rosales