**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re: Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC., Chapter 11

Debtor.
_______________________________

Michael Goldberg, Chapter 11 Trustee Adversary Pro. No. 8-26-ap-00015-RCT

Plaintiff,

v.

AMERICAN MOMENTUM BANK,

Defendant.
_______________________________/

---

**DEFENDANT AMERICAN MOMENTUM BANK'S**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

---

TO THE HONORABLE ROBERTA A. COLTON, UNITED STATES BANKRUPTCY JUDGE:

Defendant American Momentum Bank ("AMB") files this Answer to the Amended Complaint ("Complaint") filed by Plaintiff, Michael Goldberg, in his capacity as Chapter 11 Trustee ("Trustee") of the bankruptcy estate of The Center for Special Needs Trust Administration, Inc. (Dkt. No. 50).

**ANSWER TO COMPLAINT**

Each of the Paragraphs below corresponds to the same numbered Paragraphs in the Complaint. AMB denies all allegations in the Complaint, whether express or implied that are not specifically admitted below. AMB responds to the allegations in the Complaint as follows:

# INTRODUCTION[1]

1. AMB admits that the Center for Special Needs Trust (the "Center") held deposit accounts with AMB. AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. AMB admits that the Center deposited trust funds for various trust beneficiaries in certain deposit accounts with AMB. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 2.

3. AMB denies the allegations in Paragraph 3.

4. AMB denies the allegations in Paragraph 4.

5. AMB denies the allegations in Paragraph 5.

6. AMB denies the allegations in Paragraph 6.

7. AMB denies the allegations in Paragraph 7.

8. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. AMB denies the allegations in Paragraph 9.

10. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. AMB denies the allegations in Paragraph 11.

[1] AMB generally follows the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer. By reproducing headings, AMB makes no admission regarding the substance of the heading or any other allegations of the Complaint and, in fact, unless otherwise stated, and to the extent that a particular heading can be construed as an allegation, AMB specifically denies such allegations.

## PARTIES AND RELEVANT NON-PARTIES

### The Parties

1. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. AMB admits the allegations in Paragraph 3.

4. AMB admits that it was established in Florida in 2006 and moved its charter to Texas in 2014. AMB further admits that it has branches in Texas and Florida. AMB further admits that Leo Govoni, The Center for Special Needs Trust Administration, Inc, Boston Finance Group, LLC, Boston Asset Management, Inc., and Boston Settlement Group LLC opened depository accounts at AMB. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 4.

5. AMB admits that its Urban Centre Branch is located at 4830 West Kennedy Boulevard in Tampa, Florida and that most of the accounts opened by the Center were attributed to that branch. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 5.

### Relevant Non-Parties

6. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits that Gregory performed financial and accounting services for the Center and other entities affiliated with Leo Govoni. AMB further admits that Gregory was a Director of the Center and was an authorized user on the Center's accounts. Except as specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11. AMB admits that Sherry Lilly was an Assistant Vice President and Treasury Sales Officer with AMB and that she served as the Account Officer for certain accounts related to the Center and other accounts related to Govoni. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 11.

12. AMB admits that Sandy Green was a Treasury Management Sales & Service Associate at the Tampa branch of AMB who worked regularly with the Center.

13. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits that Boston Finance Group, LLC was a Florida limited liability company

in the financial services sector that provided funding to businesses. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits that Boston Asset Management, Inc. was a Florida corporation that provided investment advisory services. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits, to the best of AMB's knowledge, Boston Asset Management, Inc. was majority owned by Govoni, at least indirectly. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.

20. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits that Boston Holding Company, LLC was a Florida limited liability company. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

21. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits that Boston Settlement Group, LLC was a Florida limited liability company which, to the best of AMB's knowledge, was owned in part by Govoni, at least indirectly. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits that Big Storm Brewery, LLC operated a brewery in Clearwater, Florida. AMB further admits that Govoni was at least a partial, indirect owner of Big Storm Brewery, LLC and that Big Storm Brewery, LLC was, to the best of its knowledge, managed on a day-to-day basis by L.J. Govoni. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. AMB admits that Govoni held other depository accounts at AMB. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

## JURISDICTION AND VENUE

28. Paragraph 28 states a legal conclusion for which no response is required. To the extent further response is required, AMB admits that the Court has subject-matter jurisdiction over this litigation.

29. Paragraph 29 states a legal conclusion for which no response is required. To the extent further response is required, AMB admits that it has agreed that the Court can adjudicate and issue orders resolving all non-dispositive matters in this litigation. For dispositive matters, AMB admits that the parties consented to the Court submitting proposed findings of fact and conclusions of law to the district court and agreed that any final order or judgment shall be entered by the district judge as described in 18 U.S.C. § 157(c)(1).

30. Paragraph 30 states a legal conclusion for which no response is required. To the extent further response is required, AMB admits that the Court has personal jurisdiction over it.

31. Paragraph 31 states a legal conclusion for which no response is required. To the extent further response is required, AMB admits that the Court has personal jurisdiction over it.

32. Paragraph 32 states a legal conclusion for which no response is required. To the extent further response is required, AMB admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

**Special Needs Trusts - Generally**

33. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits the truth of the allegations in Paragraph 39.

40. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

**The Center is a 501(c)(3) Special Needs Trust Administrator**

43. There are no allegations pertaining to AMB in this Paragraph that require a response. AMB admits the truth of the allegations in Paragraph 43.

44. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

**Irrevocable Declarations Guiding the Protection and Investment of Trust Assets**

50. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. AMB admits it had knowledge that the Center served as trustee to certain trusts. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 58.

59. AMB denies the allegations in Paragraph 59.

60. AMB denies the allegations in Paragraph 60.

61. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and its sub-Paragraphs.

62. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66. AMB denies the allegations in Paragraph 66.

67. AMB denies the allegations in Paragraph 67.

68. AMB denies the allegations in Paragraph 68.

**The Pooled Trusts required separate sub accounts and accurate reporting**.

69. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69.

70. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. AMB admits that it sometimes requested documentation establishing the Center's authority to deposit checks issued to beneficiaries of certain trusts, which documents may have included certain pages of trust documents. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 79.

80. AMB lacks knowledge or information sufficient to form a belief as to the allegations regarding the number of SNT accounts held at the bank or elsewhere or the remaining allegations in Paragraph 80.

81. AMB denies the allegations in Paragraph 81.

82. AMB denies the allegations in Paragraph 82.

83. It appears, though AMB cannot confirm from its own records, its former President and COO sent the email excerpted in Paragraph 83, which email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 83.

84. AMB admits the allegations in Paragraph 84.

**The Center's Loans of SNT Funds to BFG**

85. AMB admits that the Center held accounts at AMB. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 85.

86. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. AMB denies the allegations in Paragraph 92.

93. AMB denies the allegations in Paragraph 93.

94. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103. AMB admits that the Center held accounts at AMB. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

**Govoni's efforts and Bank's assistance in hiding the true nature of the BFG Loan**

112. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114. AMB denies the allegations in Paragraph 114.

115. AMB denies the allegations in Paragraph 115.

116. AMB denies the allegations in Paragraph 116.

117. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to the Center's reporting or accounting requirements or practices as referenced in Paragraph 117. Further, AMB denies the remaining allegations in Paragraph 117.

118. AMB denies the allegations in Paragraph 118.

119. AMB denies the allegations in Paragraph 119.

120. It appears, though AMB cannot confirm from its own records, that Sandy Green sent the email referenced in Paragraph 120, which email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 120.

121. AMB denies that it previously approved of the Center sending statements which appeared to originate from AMB. Except to the extent specifically denied, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121.

122. AMB denies the allegations in Paragraph 122.

123. AMB denies the allegations in Paragraph 123.

124. AMB denies the allegations in Paragraph 124.

125. AMB denies the allegations in Paragraph 125.

126. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

127. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129. AMB admits that it sometimes requested documentation establishing the Center's authority to deposit checks issued to beneficiaries of certain trusts. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 129.

130. AMB admits that Sandy Green sent the email to Tracey Gregory referenced in Paragraph 130. AMB states that the email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 130.

**The Bank also assisted in relaxing its banking rules and standards**

131. AMB denies the allegations in Paragraph 131.

132. It appears, though AMB cannot confirm from its own records, that Sherry Lilly received the email referenced in Paragraph 132, which email speaks for itself.

133. It appears, though AMB cannot confirm from its own records, that Sherry Lilly sent the email response referenced in Paragraph 133, which email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 133.

134. AMB admits that Tracey Gregory sent requests similar to the request referenced in Paragraph 134 to Sherry Lilly to open accounts.

135. It appears, though AMB cannot confirm from its own records, that Sandy Green received the email from Tracey Gregory referenced in Paragraph 135. AMB states that the email speaks for itself.

136. AMB denies the allegations in Paragraph 136.

137. AMB denies the allegations in Paragraph 137.

138. AMB denies the allegations in Paragraph 138.

139. AMB denies the allegations in Paragraph 139.

140. AMB admits that Maureen Gallagher sent the email quoted in Paragraph 140, which email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 140.

141. AMB denies the allegations in Paragraph 141.

142. AMB admits that one of its employees received an email from Laura Davis containing the quoted language in Paragraph 142. AMB states that the email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 142.

143. AMB admits that its employees received an email from Tracey Gregory containing the quoted language in Paragraph 143. AMB states that the email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 143.

**The Bank served as Custodial Trustee**

144. AMB denies the allegations in Paragraph 144.

145. AMB admits that it agreed to serve as a "Custodial Trustee" for certain SNTs, provided that the only duty of the Custodial Trustee was to be the depository of the assets of the Trust (with no responsibility or authority to make decisions about investments or disbursements).

146. AMB admits that Sherry Lilly signed the "Bank Certificate" referenced in Paragraph 146. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 146.

147. AMB admits that it did not manage the Center's sub-accounts or provide reconciliation related to the Center's sub-accounts. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 147.

148. AMB admits that Sherry Lilly signed the Department of Veterans Affairs document referenced in Paragraph 148. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 148.

149. AMB denies the allegations in Paragraph 149.

**How Govoni Siloed Employees and Kept them in the Dark**

150. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.

152. AMB denies the allegations in Paragraph 152.

153. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153.

154. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.

155. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156.

157. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157.

158. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160. AMB admits that Govoni held accounts at AMB. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 160.

161. AMB denies the allegations in Paragraph 161.

162. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162.

163. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.

164. AMB denies the allegations in Paragraph 164.

**Deficient Bank Accounts and the Bank's Knowledge of Govoni's Scheme**

165. AMB denies the allegations in Paragraph 165.

166. AMB admits that it knew the Center held funds in trust for the benefit of certain beneficiaries. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 166.

167. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168. AMB denies the allegations in Paragraph 168.

169. AMB denies the allegations in Paragraph 169.

170. AMB denies the allegations in Paragraph 170.

171. AMB denies the allegations in Paragraph 171.

172. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173. AMB admits that it sent correspondence to Todd Belisle requesting that he confirm the authenticity of certain transactions. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 173.

174. AMB denies the allegations in Paragraph 174.

175. AMB denies the allegations in Paragraph 175.

176. AMB denies the allegations in Paragraph 176.

177. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177.

178. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178.

179. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179.

180. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180.

181. AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181.

182. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182.

183. AMB denies the allegations in Paragraph 183.

184. AMB denies the allegations in Paragraph 184.

185. AMB denies the allegations in Paragraph 185.

186. AMB denies the allegations in Paragraph 186.

**The Center's needs to search for liquidity and the Bank's knowledge of the BFG Loan**

187. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187.

188. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188.

189. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189.

190. AMB denies the allegations in Paragraph 190.

191. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191.

192. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192.

193. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193.

194. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194.

195. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195.

196. AMB denies the allegations in Paragraph 196.

197. AMB denies the allegations in Paragraph 197.

**The Bank was aware of the purpose of each account, the corporate structure of Govoni's companies, and the companies' business strategies**

198. AMB admits that bank employees scheduled a meeting to discuss various items including the agenda items noted in Paragraph 198. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 198.

199. AMB denies the allegations in Paragraph 199.

200. It appears, though AMB cannot confirm from its own records, that a bank officer sent the email referenced in Paragraph 200, which email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 200.

201. It appears, though AMB cannot confirm from its own records, that Sherry Lilly sent the email referenced in Paragraph 201, which email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 201.

202. AMB denies the allegations in Paragraph 202.

203. AMB admits that it requires certain information about an entity prior to opening a bank account for a customer and that Gregory routinely provided requested information. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 203.

204. AMB admits that some of its employees were aware that BFG provided financing/loans. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 204.

205. AMB denies the allegations in Paragraph 205.

206. AMB denies the allegations in Paragraph 206.

207. Paragraph 207 contains a legal conclusion that does not require a response. To the extent a response is required, AMB denies the remaining allegations in Paragraph 207.

208. AMB denies the allegations in Paragraph 208.

209. AMB admits that its website describes its obligations under Section 326 of the PATRIOT Act. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 209.

210. AMB denies the allegations in Paragraph 210.

**The Medicare Set-Aside Funds**

211. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211.

212. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212.

213. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213.

214. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214.

215. AMB denies the allegations in Paragraph 215.

216. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216.

**The World's Discovery of the Loan**

217. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217.

218. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218.

219. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219.

220. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220.

221. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221.

222. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222.

223. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223.

224. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224.

225. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225.

226. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226.

227. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227.

228. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228.

229. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229.

230. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230.

231. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231.

232. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232.

233. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233.

**The Bank charged the Center all Govoni's fees**

234. AMB denies the allegations in Paragraph 234.

235. AMB denies the allegations in Paragraph 235.

236. AMB denies the allegations in Paragraph 236.

## TOLLING OR NON-ACCRUAL OF STATUTES OF LIMITATION

237. AMB denies the allegations in Paragraph 237.

238. AMB denies the allegations in Paragraph 238.

239. AMB denies the allegations in Paragraph 239.

240. AMB denies the allegations in Paragraph 240.

241. AMB denies the allegations in Paragraph 241.

242. Paragraph 242 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 242.

243. Paragraph 243 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 243.

244. Paragraph 244 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 244.

## CLAIMS FOR RELIEF

## COUNT I - AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

245. Paragraph 245 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, AMB incorporates its responses to Paragraphs 1-244 above.

246. There are no allegations pertaining to AMB in this Paragraph that require a response. Further, AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246.

247. Paragraph 247 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 247.

248. Paragraph 248 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 248.

249. Paragraph 249 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 249.

250. AMB denies the allegations in Paragraph 250.

251. AMB denies the allegations in Paragraph 251.

252. AMB denies the allegations in Paragraph 252.

253. AMB denies the allegations in Paragraph 253 and its sub-Paragraphs.

254. AMB denies the allegations in Paragraph 254 and its sub-Paragraphs.

255. AMB denies the allegations in Paragraph 255.

256. AMB denies the allegations in Paragraph 256.

257. AMB denies the allegations in Paragraph 257.

258. AMB denies the allegations in Paragraph 258 and specifically denies that it has any liability for Plaintiff's alleged claims.

259. AMB denies the allegations in Paragraph 259 and specifically denies that it has any liability for Plaintiff's alleged claims.

260. AMB denies the allegations in Paragraph 260 and specifically denies that it has any liability for Plaintiff's alleged claims.

261. AMB denies the allegations in Paragraph 261 and specifically denies that it has any liability for Plaintiff's alleged claims.

**COUNT II – THE BANK'S BREACH OF FIDUCIARY DUTY TO THE CENTER**

262. Paragraph 262 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, AMB incorporates its responses to Paragraphs 1-244 above.

263. AMB admits that the Center deposited trust funds for various trust beneficiaries in certain deposit accounts with AMB. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 263.

264. AMB admits that it agreed to hold trust funds in depository accounts opened by the Center but expressly denies that holding trust funds is improper or that agreeing to hold trust funds imposes any legal duties different than ordinary deposits. AMB further admits that it sometimes requested documentation establishing the Center's authority to deposit checks issued to beneficiaries of certain trusts, which documents may have included certain pages of trust documents. AMB further admits that it agreed to serve as a "Custodial Trustee" for certain SNTs, provided that the only duty of the Custodial Trustee was to be the depository of the assets of the Trust (with no responsibility or authority to make decisions about investments or disbursements). Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 264.

265. AMB denies the allegations in Paragraph 265.

266. AMB denies the allegations in Paragraph 266.

267. AMB denies the allegations in Paragraph 267.

268. It appears, though AMB cannot confirm from its own records, that Sam Davis sent the email selectively excerpted in Paragraph 268, which email speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 268.

269. AMB denies the allegations in Paragraph 269.

270. AMB denies the allegations in Paragraph 270.

271. AMB denies the allegations in Paragraph 271.

272. AMB admits that it agreed to serve as a "Custodial Trustee" for certain SNTs, provided that the only duty of the Custodial Trustee was to be the depository of the assets of the Trust (with no responsibility or authority to make decisions about investments or disbursements). Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 272.

273. AMB denies the allegations in Paragraph 273.

274. Paragraph 274 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 274.

275. Paragraph 275 and its sub-paragraphs state a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 275 and its sub-Paragraphs.

276. AMB denies the allegations in Paragraph 276 and specifically denies that it has any liability for Plaintiff's alleged claims.

277. AMB denies the allegations in Paragraph 277 and specifically denies that it has any liability for Plaintiff's alleged claims.

278. AMB denies the allegations in Paragraph 278 and specifically denies that it has any liability for Plaintiff's alleged claims.

279. AMB denies the allegations in Paragraph 279 and specifically denies that it has any liability for Plaintiff's alleged claims.

280. AMB denies the allegations in Paragraph 280 and specifically denies that it has any liability for Plaintiff's alleged claims.

**COUNT III – AVOIDANCE OF PROPERLY PAID ACCOUNT FEES PURSUANT TO 11 U.S.C. § 548, 544 AND RECOVERY UNDER § 550 AND FLA. STAT. § 726.105(1)(b)**

281. Paragraph 281 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, AMB incorporates its responses to Paragraphs 1-244 above.

282. AMB admits that it charged the Center fees for account services AMB provided. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 282.

283. AMB admits that it charged the Center account analysis charges. Except to the extent specifically admitted, AMB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 283.

284. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284.

285. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285.

286. AMB admits that, at the Center's direction, the Center's accounts were grouped with other accounts for purposes of account analysis. AMB further admits that, at the Center's direction, one of the Center's accounts was the primary account for the group such that net charges, if any, would be charged to the primary account. Except to the extent specifically admitted, AMB denies the allegations in Paragraph 286.

287. AMB denies the allegations in Paragraph 287.

288. AMB denies the allegations in Paragraph 288.

289. AMB denies the allegations in Paragraph 289.

290. AMB denies the allegations in Paragraph 290.

291. Paragraph 291 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 291.

292. AMB denies the allegations in Paragraph 292 and specifically denies that it has any liability for Plaintiff's alleged claims.

293. Paragraph 293 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 293.

294. Paragraph 294 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 294.

295. Paragraph 295 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 295.

296. AMB denies the allegations in Paragraph 296 and specifically denies that it has any liability for Plaintiff's alleged claims.

297. AMB denies the allegations in Paragraph 297 and specifically denies that it has any liability for Plaintiff's alleged claims.

## COUNT IV – OBJECTION TO BANK POC

298. Paragraph 298 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, AMB incorporates its responses to Paragraphs 1-244 above.

299. AMB admits that it filed a Proof of Claim as referenced in Paragraph 299. AMB states that the document speaks for itself.

300. AMB admits that its Proof of Claim asserts a secured claim as referenced in Paragraph 300. AMB states that the document speaks for itself.

301. AMB admits that its Proof of Claim attaches an ACH Agreement as referenced in Paragraph 301. AMB states that the document speaks for itself.

302. AMB admits that its Proof of Claim references the ACH Agreement as referenced in Paragraph 302. AMB states that the document speaks for itself.

303. AMB admits that the addendum to its Proof of Claim includes the language referenced in Paragraph 303. AMB states that the document speaks for itself.

304. AMB admits that its Proof of Claim references indemnification as referenced in Paragraph 304. AMB states that the document speaks for itself.

305. AMB admits that the ACH Agreement attached to its Proof of Claim contains an indemnification paragraph as referenced in Paragraph 305. AMB states that the document speaks for itself.

306. AMB admits that at the time the Bank entered into the 2013 ACH Agreement with the Center, certain bank personnel were aware that some but not all of the funds deposited by the Center were trust funds. Except to the extent specifically admitted, AMB denies the allegations in Paragraph 306.

307. AMB denies the allegations in Paragraph 307.

308. AMB denies the allegations in Paragraph 308.

309. AMB denies the allegations in Paragraph 309.

310. AMB denies the allegations in Paragraph 310.

311. AMB denies the allegations in Paragraph 311.

312. AMB denies the allegations in Paragraph 312.

313. AMB denies the allegations in Paragraph 313 and specifically denies that it has any liability for Plaintiff's alleged claims.

314. AMB denies the allegations in Paragraph 314.

315. AMB denies the allegations in Paragraph 315.

316. AMB denies the allegations in Paragraph 316.

317. AMB denies the allegations in Paragraph 317 and specifically denies that it has any liability for Plaintiff's alleged claims.

318. Paragraph 318 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 318.

**COUNT V – EQUITABLE SUBORDINATION OF THE BANK'S CLAIM**

319. Paragraph 319 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, AMB incorporates its responses to Paragraphs 1-244 above.

320. AMB admits that it filed a Proof of Claim as referenced in Paragraph 320. AMB states that the document speaks for itself.

321. AMB admits that at the time the Bank entered into the 2013 ACH Agreement with the Center, bank personnel were aware that some, but not all, of the funds deposited by the Center were trust funds. Except to the extent specifically admitted, AMB denies the allegations in Paragraph 321.

322. AMB denies the allegations in Paragraph 322.

323. AMB denies the allegations in Paragraph 323.

324. AMB denies the allegations in Paragraph 324.

325. AMB denies the allegations in Paragraph 325.

326. AMB denies the allegations in Paragraph 326.

327. AMB denies the allegations in Paragraph 327 and specifically denies that it has any liability for Plaintiff's alleged claims.

328. AMB denies the allegations in Paragraph 328.

329. AMB denies the allegations in Paragraph 329 and specifically denies that it has any liability for Plaintiff's alleged claims.

330. AMB denies the allegations in Paragraph 330.

331. Paragraph 331 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 331.

332. Paragraph 332 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 332.

333. Paragraph 333 states a legal conclusion for which a response is not required. To the extent further response is required, AMB denies the allegations in Paragraph 333.

## COUNT VI – BREACH OF CONTRACT AND VIOLATION OF ACH AGREEMENT

334. Paragraph 334 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, AMB incorporates its responses to Paragraphs 1-244 above.

335. AMB admits that it entered into ACH Agreements with the Center as referenced in Paragraph 335. AMB states that the document speaks for itself.

336. AMB admits that the ACH Agreement referenced in Paragraph 335 contains a limitation of liability provision. AMB states that the document speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 336.

337. AMB admits that the NACHA Rules contains Rule 1.2.4 as referenced in Paragraph 337. AMB states that the document speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 337.

338. AMB admits that the NACHA Rules contains Rule 2.2.3 as referenced in Paragraph 338. AMB states that the document speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 338.

339. AMB denies the allegations in Paragraph 339.

340. AMB admits that the NACHA Rules pertain to ACH transactions. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 340.

341. AMB admits that the Center processed ACH transactions, among other types of transactions, through some of its accounts with AMB. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 341.

342. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342.

343. AMB admits that the ACH Agreement discusses "On Us Entry" in the context of ACH transactions. AMB states that the document speaks for itself. Except to the extent specifically admitted, AMB denies the remaining allegations in Paragraph 343.

344. AMB lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344.

345. AMB denies the allegations in Paragraph 345.

346. AMB denies the allegations in Paragraph 346.

347. AMB denies the allegations in Paragraph 347.

348. AMB denies the allegations in Paragraph 348.

349. AMB denies the allegations in Paragraph 349.

350. AMB denies the allegations in Paragraph 350 and its sub-Paragraphs.

351. AMB denies the allegations in Paragraph 351.

352. AMB denies the allegations in Paragraph 352.

353. AMB denies the allegations in Paragraph 353.

354. AMB denies the allegations in Paragraph 354 and specifically denies that it has any liability for Plaintiff's alleged claims.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, under the doctrine of in pari delicto.

2. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, because they have failed to state a claim upon which relief can be granted.

4. Plaintiff's claims are barred, in whole or in part, because AMB had no actual knowledge of breaches of fiduciary duty and provided no substantial assistance.

5. Plaintiff's claims are barred, in whole or in part, because AMB was not the proximate cause of Plaintiff's alleged damages, as there are intervening, superseding causes.

6. Plaintiff's claims are barred, in whole or in part, because of setoff/recoupment in light of bankruptcy recoveries and any restitution from Govoni.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.

8. AMB reserves the right to plead additional defenses that may become known during the course of discovery as the case progresses and as the claims being asserted in this case are clarified by Plaintiff.

## CONCLUSION AND PRAYER

Defendant American Momentum Bank respectfully requests that Plaintiff takes nothing in this suit, that judgment be entered in AMB's favor, and that AMB be awarded such other and further relief to which it may be entitled.

Respectfully submitted on November 3, 2026.

By: */s/ Marcos Rosales*
Marcos Rosales, *Pro Hac Vice*
TX Bar No. 24074979
mrosales@beckredden.com
Eric B. Williams II, *Pro Hac Vice*
TX Bar No. 24131767
ewilliams@beckredden.com
**BECK REDDEN LLP**
1221 McKinney, Suite 4500
Houston, TX 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

Donald R. Kirk
FL Bar No. 105767
dkirk@carltonfields.com
Ryan Yant
FL Bar No. 104849
ryant@carltonfields.com
**CARLTON FIELDS, PA**
4221 W Boy Scout Boulevard, Suite 1000
Tampa, FL 33607
Telephone: (813) 229-4334
Facsimile: (813) 229-4133

**COUNSEL FOR DEFENDANT AMERICAN MOMENTUM BANK**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2026, a true and correct copy of the foregoing document was served electronically on all counsel of record.

*/s/ Marcos Rosales*
Marcos Rosales